**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4284**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HOWARD ALLI PARKER, a/k/a Poppa,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Sherri A. Lydon, District Judge.  (3:23-cr-00925-SAL-2)

Submitted:  May 21, 2026                                    Decided:  May 26, 2026

Before AGEE and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  Derek Alan Shoemake, CONNELL LAW FIRM, LLC, Lugoff, South Carolina, for Appellant.  Elle E. Klein, Assistant United States Attorney, Frederick Michael O'Mara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In February 2024, Howard Alli Parker pled guilty to multiple firearms offenses, including being a felon in possession of firearms and ammunition in and affecting commerce and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), 924(e).  During a sentencing hearing in June 2024, the district court sentenced Parker to 60 months' imprisonment, revoked Parker's supervised release, and imposed a 40-month sentence for the supervised release violations, to run consecutive to the sentence imposed for the firearms offenses.  The criminal judgment was entered on Jun 20, 2024.  Nearly a year later, on May 16, 2025, Parker filed a pro se notice of appeal from the criminal judgment.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  The Government has moved to dismiss the appeal as untimely.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment.  Fed. R. App. P. 4(b)(1)(A).  With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal.  Fed. R. App. P. 4(b)(4).  Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

As indicated, Parker noted his appeal nearly a year after the district court entered the criminal judgment, well beyond both the 14-day appeal period and the 30-day excusable neglect period.  Because Parker failed to file a timely notice of appeal or to

2

obtain an extension of the appeal period, and since the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion and dismiss Parker's appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*